IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| MARK J. HODGES, | ) | Case No.: 05 B 62676 |
| | ) | |
| Debtor | ) | Judge Goldgar |
| _____ | ) | |
| | ) | |
| MARK J. HODGES, | ) | |
| | ) | |
| V. | ) | Case No. 06 B 683 |
| | ) | |
| THE CIT GROUP, ET AL., | ) | |

ANSWER TO COMPLAINT AT LAW

NOW COMES the Defendant, The CIT Group, by and through their attorney, KIMBERLY J. WEISSMAN, ESQ., and in answer to Plaintiff's Adversary Complaint at Law, states as follows on behalf of Defendant, The CIT Group, only:

1. – 2. Defendant, The CIT Group (herein referred to as "Defendant") neither admits nor denies the allegations in paragraphs one and two of Plaintiff's Complaint as they are legal conclusions and demand strict proof thereof.

3. – 8. Defendant denies the allegations in paragraphs 3 – 8 of Plaintiff's Adversary Complaint at Law.

9. Defendant neither admits nor denies paragraph nine of Plaintiff's Adversary Complaint as no paragraph is listed.

10. Defendant neither admits nor denies the allegations of paragraph 10 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

11. Defendant admits the allegations of paragraph 11 of Plaintiff's Adversary Complaint.

12.- 14. Defendant neither admits nor denies the allegations of paragraphs 12 - 14 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

15. – 16.   Defendant denies the allegations of paragraph 15 - 16 of Plaintiff's Adversary Complaint.

17. – 18.   Defendant neither admits nor denies the allegations of paragraphs 17 - 18 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

19. – 21.   Defendant neither admits nor denies the allegations of paragraphs 19 - 21 of Plaintiff's Adversary Complaint as it calls for legal conclusions and therefore demands strict proof thereof..

18. - 21 (sic)   Defendant neither admits nor denies the allegations of paragraphs 18 - 21 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

22. – 30.   Defendant neither admits nor denies the allegations of paragraphs 22 - 30 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

31.   Defendant admits the allegation in paragraph 31 of Plaintiff's Adversary Complaint.

32. – 38.   Defendant denies the allegations in paragraphs 32 - 38 of Plaintiff's Adversary Complaint and demands strict proof thereof.

39.   Defendant admits the allegations of paragraph 39 of Plaintiff's Adversary Complaint.

40.   Defendant denies the allegations of paragraph 40 of Plaintiff's Adversary Complaint.

41. – 47.   Defendant admits the allegations of paragraphs 41 – 47 of Plaintiff's Adversary Complaint.

48.   Defendant neither admits nor denies the allegations of paragraph 48 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

49. – 50.   Defendant denies the allegations of paragraphs 49 – 50 of Plaintiff's Adversary Complaint.

51.   Defendant restates and incorporates the answers to paragraphs 1- 50 (sic).

2

52. – 64.  Defendant neither admits nor denies the allegations of paragraphs 52 – 64 of Plaintiff's Adversary Complaint as they call for legal conclusions and therefore demands strict proof thereof.

65.  Defendant denies the allegations of paragraph 65 of Plaintiff's Adversary Complaint and demands strict proof thereof.

66. – 67.  Defendant denies the allegations of paragraphs 66 – 67 of Plaintiff's Adversary Complaint and demands strict proof thereof.

68.  Defendant neither admits nor denies the allegations of Paragraph 68 of Plaintiff's Adversary Complaint.

69.  Defendant neither admits nor denies the allegations of Paragraph 69 of Plaintiff's Adversary Complaint as it calls for a legal conclusion and therefore demands strict proof thereof.

70. – 78.  Defendant neither admits nor denies the allegations of Paragraphs 70 – 78 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

79. – 80.  Defendant denies the allegations of Paragraphs 79 - 80 of Plaintiff's Adversary Complaint.

81.  Defendant neither admits nor denies the allegation of Paragraph 81 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

82 – 85.  Defendant denies the allegations of Paragraphs 82 – 85 of Plaintiff's Adversary Complaint.

86. – 88.  Defendant neither admits nor denies the allegations of Paragraphs 86 - 88 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

89.  Defendant re-states and incorporates paragraphs 1 – 89 (sic).

3

90. Defendant neither admits nor denies the allegations of Paragraphs 90 - 95 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

96 – 97. Defendant denies the allegations of Paragraphs 96 – 97 of Plaintiff's Adversary Complaint.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

98. Defendant restates and incorporates paragraphs 1- 97 (sic).

99. Defendant neither admits nor denies the allegations of Paragraph 99 of Plaintiff's Adversary Complaint.

100. – 102. Defendant neither admits nor denies the allegations of Paragraphs 100 - 102 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

103. – 115. Defendant neither admits nor denies the allegation of Paragraphs 103 - 115 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

116 - 118. Defendant neither admits nor denies the allegations of Paragraphs 116 - 118 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

119 - 120. Defendant denies the allegations of Paragraph 119 - 120 of Plaintiff's Adversary Complaint and demands strict proof thereof.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

121. Defendant re-states and incorporates paragraphs 1 – 120 (sic).

122. – 123. Defendant neither admits nor denies the allegations of Paragraphs 122 - 123 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

124.– 131.   Defendant neither admits nor denies the allegation of Paragraphs 124 - 131 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

132. – 134.   Defendant denies the allegations of Paragraphs 132 – 134 of Plaintiff's Adversary Complaint.

135. – 138.   Defendant neither admits nor denies the allegations of Paragraphs 135 - 138 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

139.- 144.   Defendant denies the allegations of Paragraphs 139 – 144 as it pertains to Defendant, CIT.

145. – 146.   Defendant neither admits nor denies the allegations of Paragraphs 145 - 146 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

147.   Defendant re-states and incorporates paragraphs 1 – 146 (sic).

148. – 149.   Defendant neither admits nor denies the allegations of Paragraphs 148 - 149 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

150.– 156.   Defendant denies the allegations of Paragraphs 150 – 156 of Plaintiff's Adversary Complaint and demands strict proof thereof.

157. – 158.   Defendant neither admits nor denies the allegations of Paragraphs 157 - 158 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

159.   Defendant re-states and incorporates paragraphs 1 – 159.

5

160. – 161.  Defendant neither admits nor denies the allegations of Paragraphs 160 - 161 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

161.  Defendant admits the allegation in paragraph 162 of Plaintiff's Adversary Complaint.

162. – 173.  Defendant neither admits nor denies the allegation of Paragraphs 162 - 173 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

174.  Defendant re-states and incorporates paragraphs 1 – 173 (sic).

175. – 176.  Defendant neither admits nor denies the allegations of Paragraphs 175 - 176 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

177.– 191.  Defendant neither admits nor denies the allegations of Paragraphs 177 - 191 of Plaintiff's Adversary Complaint as Defendant lacks sufficient knowledge to form a basis therein.

192. – 194.   Defendant denies the allegations of Paragraphs 192 – 194 of Plaintiff's Adversary Complaint and demands strict proof thereof.

195.  Defendant neither admits nor denies the allegations of Paragraph 195 of Plaintiff's Adversary Complaint as it calls for a legal conclusion.

WHEREFORE, Defendant, CIT GROUP/CONSUMER FINANCE, INC., prays that this Honorable Court enter an order dismissing Plaintiff's Adversary Complaint and for any other relief this Court deem just and appropriate.

196 – 213.  Defendant neither admits nor denies the allegations in Paragraphs 196 – 213 of Plaintiff's Adversary Complaint as it pertains to a defendant other than CIT Group.

        Respectfully submitted,

        CIT GROUP/CONSUMER FINANCE, INC.

        BY: /s/ Kimberly J. Weissman
           KIMBERLY J. WEISSMAN
           Attorney at Law

KIMBERLY J. WEISSMAN
633 Skokie Blvd.
Suite 400
Northbrook, Illinois  60062
(847) 480-0880

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:

| | | |
|---|---|---|
| MARK J. HODGES, | ) | Case No.: 05 B 62676 |
| | ) | |
| Debtor | ) | Judge Goldgar |
| _____ ) | | |
| | ) | |
| MARK J. HODGES, | ) | |
| | ) | |
| V. | ) | Case No. 06 B 683 |
| | ) | |
| THE CIT GROUP, ET AL., | ) | |

AFFIDAVIT OF MAILING

STATE OF ILLINOIS   )
                    )
COUNTY OF COOK    )

    I, Kimberly J. Weissman, being duly sworn on oath, state that I served this notice and attached motion upon all parties named in this notice, electronically or by placing copies of same in an envelope addressed as indicated above and depositing it in the US Mail, proper postage prepaid, at 633 Skokie Blvd., Northbrook, Illinois before 5:00 P.M., on this 28th day of March, 2006.

                                                    /s/ Kimberly J. Weissman
                                                    KIMBERLY J. WEISSMAN

Mark J. Hodges
2575 Waukegan
Highland Park, IL 60035

Sabrina Herrell, Esq.
Logik Legal
11416 South Prairie, Suite 300
Chicago, IL 60628

Glenn Stearns, Esq., Trustee
4343 Commerce Court, Suite 120
Lisle, IL 60532

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:

|  |  |  |
|---|---|---|
| MARK J. HODGES, | ) | Case No.: 05 B 62676 |
| | ) | |
| Debtor | ) | Judge Goldgar |
| _____ | ) | |
| | ) | |
| MARK J. HODGES, | ) | |
| | ) | |
| v. | ) | Case No. 06 B 683 |
| | ) | |
| THE CIT GROUP, ET AL., | ) | |

-----------------------------------------------------------------------------------------------------------------

**REQUEST FOR SPECIAL NOTICE**

-----------------------------------------------------------------------------------------------------------------

Pursuant to Bankruptcy Rules 2002 and 9010, the undersigned, on behalf of The CIT Group/Consumer Finance, Inc., requests notice of all matters of which notice is given to creditors, any creditors' committee, or any other party in interest herein, including all schedules, amended schedules, motions, applications, plans or reorganizations, disclosure statements, orders and other documents and pleadings, including those in adversary actions; and further requests that such notices be sent as hereinafter set forth and that the following be added to the Court's master mailing list:

        The CIT Group/Consumer Finance, Inc.
        c/o Kimberly J. Weissman, Esq.
        633 Skokie Boulevard, Suite 400
        Northbrook, IL 60062

Dated this 28th day of March, 2006.

        THE CIT GROUP/CONSUMER FINANCE, INC.,
        Creditor

        By:  */s/ Kimberly J. Weissman*
            Kimberly J. Weissman, Attorney